IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERRY WASHINGTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-1172-RGA |
| | : |
| ANY OR ALL PUBLIC, STATE OF WILMINGTON, DELAWARE, | : |
| | : |
| Defendant. | : |

Sherry Washington, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 26, 2012
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Sherry Washington appears pro se and has been granted leave to proceed in forma pauperis. She filed a complaint (D.I. 3) alleging discrimination for the past 49 to 62 years.

This Court must dismiss certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28. Because Plaintiff proceeds *pro se*, the pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The instant Complaint contains nonsensical and delusional allegations about the C.I.A., Secret Service, the Fed's and other entities engaged in a litany of discriminatory acts including, but not limited to, "incarnation, incarnivious [sic], impersonation, misrepresentations, posterations [sic], oncology, taxi, necrology. . . ." (D.I. 3, ¶ 9.) After review, the Court finds that the Complaint is frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (allegations are frivolous if they are "fanciful," "delusional," or "fantastic").

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment is futile. Plaintiff is advised that the filing of further frivolous actions will result in the imposition of more serious sanctions than dismissal.

An appropriate order will be entered.